RICHARDSON *v.* STATE

No. 41916          October 2, 1961          133 So. 2d 266

702

*R. Jess Brown,* Vicksburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was indicted, tried and convicted of the murder of Washington Williams. Two others were

jointly indicted and severance was granted appellant. The jury was unable to agree on punishment and appellant was sentenced to life imprisonment.

The six assignments of error raise only two questions: (1) Was the evidence sufficient to sustain the murder conviction, and (2) was appellant's confession admissible?

The killing of Washington Williams occurred at a "joint" where drinking, gambling and dancing was being indulged in by a large number of people. Deceased, with his wife and several others, went to the "joint" to secure pallbearers for a funeral. After this business was attended, deceased went out the door followed by his wife and Lester Gaines. When the latter two reached the door, appellant and Bryant Williams blocked their passage. Gaines asked to be allowed to go out and appellant or Bryant Williams cursed and told Gaines, "If you're bad, come on out." Gaines replied, "I didn't mean any harm, I just say, let me out." At this, either Bryant Williams or appellant drew a knife on Gaines. Someone apparently not connected with appellant hit Gaines from the rear and knocked him down. Deceased came in and lifted Gaines off the floor and Bryant Williams and appellant went out on the porch. Deceased stated to his wife, "Let's go," and they started out the door. Just as deceased stepped out the door, appellant stabbed him in the left side of the neck, severing the jugular vein. A number of others then "ganged" deceased and he received two other superficial stab wounds. Deceased died before reaching the hospital. There were sharp conflicts in the evidence. Appellant took the stand and denied he stabbed deceased, but there was positive testimony to establish the facts as stated. The conflicts were resolved against appellant by the verdict.

The proof is clear to the point that deceased had no weapon in his hand; in fact, he did nothing to provoke

an attack. ██ █ We find no merit in the contention that the evidence was not sufficient to justify a finding that appellant was guilty of murder.

██ █ The contention that the confession made by appellant was not voluntary is also without merit. Neither the sheriff nor anyone else threatened appellant in any way, nor was any promise made in connection with the confession. The appellant testified that there were no threats or promises. The contention that the confession was not voluntary is based on the fact that the night before it was made, appellant was confined in a cell which had been used as the death cell some forty years ago when execution was by hanging. Some of the scaffolding formerly used in hanging was still in the cell, but what part is not shown. Appellant testified he was scared because he had spent the night in the cell. The proof showed that the cell is frequently used when necessary to separate prisoners. There was no proof that appellant was put in the cell to frighten him. It is inconceivable that appellant made the detailed statement as a result of fear generated by spending the night in that particular cell.

Affirmed.

*Lee, P. J.,* and *Kyle, McElroy* and *Jones, JJ.,* concur.